IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Emerson Jimel Edwards,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>Nurse White; Nurse Collin; and Nurse Jones,<br><br>　　　　　Defendants. | Civil Action No. 2:20-cv-2301-CMC<br><br>**ORDER** |

　　　　This matter is before the court on Plaintiff's Complaint filed June 18, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

　　　　On August 14, 2020, the Magistrate Judge entered a Proper Form Order informing Plaintiff his Complaint did not contain sufficient factual matter to state a claim for relief that is plausible on its face. ECF No. 7. Plaintiff was granted leave to file an Amended Complaint within 21 days of that order, and was notified failure to do so could result in his case being dismissed for failure to prosecute and failure to comply with a court order. *Id.* at 3. Plaintiff filed an Amended Complaint on September 2, 2020. ECF No. 12. Thereafter, Plaintiff filed two motions to appoint counsel (ECF Nos. 14, 15) and a "Motion to Produce" documents or "any and all discovery" pertaining to the case (ECF No. 18). These motions were denied by the Magistrate Judge. ECF Nos. 19, 21.

　　　　On May 4, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice and without issuance and service of process because Plaintiff could not cure the defects in his Complaint. ECF No. 22. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the

Report and the serious consequences if he failed to do so. Plaintiff filed objections (ECF No. 25) and another "Motion to Produce" (ECF No. 24).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Report found Plaintiff has not alleged sufficient facts to support his claim of inadequate medical treatment at Broad River Correctional Institution, despite an opportunity to provide more fulsome allegations. ECF No. 22 at 1. Plaintiff was notified he needed to explain how each individual Defendant was personally involved in the alleged harm, but failed to identify a serious medical need that was allegedly disregarded, or state which Defendant committed which (or any) acts of deliberate indifference.

Plaintiff objects to the Report, arguing his Eighth Amendment rights have been violated and "if Plaintiff needs counsel appointed or has a claim that can be developed the court/judge is to appoint the need be." ECF No. 25 at 1 (errors in original). He states the nurses failed to provide adequate medical treatment and it caused Plaintiff medical problems such as deformed feet, clumsiness, and feeling off balance. He contends the Magistrate Judge has a "duty to do an

2

independent investigation on her own and from her personal knowledge and investigation she finds the facts of Plaintiff claims factual, and will not report it to the courts true and correct." *Id.* at 3.[1]

After a review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees this matter should be dismissed. The court has no "duty" to do an independent investigation and in fact cannot do so – Plaintiff must present his own case and provide sufficient facts to appropriately allege each cause of action he seeks to present. Plaintiff has failed to sufficiently allege facts to present a claim under § 1983, as he does not state what his injury is other than his feet are "messed up real bad" and his teeth fell out as a result of the medication. He alleges in his Amended Complaint "they did not give me medical sick call or my pills;" however, this does not state which Defendants took what action or how that caused the injury of which he complains. Finally, the court agrees with the Magistrate Judge appointment of counsel is not warranted in this case, as Plaintiff has presented no exceptional circumstances to distinguish him from any number of *pro se* plaintiffs bringing § 1983 actions in federal court.

---

[1] Plaintiff's one page "Motion to Produce Caselaw to Court" discusses service of the Defendants and notes he has not heard of the Defendants' full address to be served or home address. ECF No. 24. As the case is dismissed, service will not be attempted, and no further information is required. This "motion" is denied as moot.

3

Accordingly, the court adopts the Report by reference in this Order. As Plaintiff had an opportunity to amend his Complaint but did not provide further information regarding his claims, this matter is dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 7, 2021